[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13028
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00290-CLS-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DAVID HILLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 27, 2015)

Before TJOFLAT, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

On September 21, 2006, John Hillin pled guilty to all eleven counts of an indictment charging him with one count of possession of child pornography, three counts of distribution of child pornography, and seven counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(a)(1) and 2252A(a)(2)(A).  On February 9, 2007, the District Court sentenced Hillin to 40 months on the possession count and, consecutively to that sentence, 120 months on the remaining counts for a total sentence of 160 months.  Hillin did not appeal from these convictions or sentences.

On August 19, 2010, Hillin, proceeding *pro se*, filed a "Motion to Correct the Record Nunc Pro Tunc."  He asked the District Court to "correct the sentence record" because (1)"there exist significant sentencing disparities . . . within the Circuit and Nationally"; (2)  the "Court possesses great discretion to fashion sentences particular to a defendant's needs and society's interests"; (3) "defendant has exhibited remorse . . . and is not likely to recidivate"; and (4) "the least restrictive alternative necessary to achieve society's goals is reflected in personalized sentencing, and in concurrent sentencing significantly below the guidelines sentencing range."  The District Court denied Hillin's motion without explanation.[1]  Hillin appeals from that ruling.

---

[1]  The order stated that "[u]pon consideration, the court finds that the motion is due to be, and it hereby is, DENIED."

2

Hillin's motion does not cite the legal authority pursuant to which he is seeking relief from his total sentence of 160 months.  Federal Rule of Criminal Procedure 35, "Correcting or Reducing a Sentence," provides a district court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a); or, on the Government's motion, to "reduc[e] a sentence for substantial assistance," Fed. R. Crim. P. 35(b).  But Hillin's motion seeks relief on neither ground.  In short, because the law does not provide the District Court with the power to grant the relief Hillin is seeking—the reduction of his total sentence, we must affirm the District Court's ruling on the ground that the court lacked subject matter jurisdiction to entertain Hillin's motion.

AFFIRMED.